ISAAC MYERS ET AL. V. KATIE EVANS ET AL.

No. 7065.

1. **Title by Ten Years Possession of Land.**—See facts evidencing title under the statute of limitation of ten years.

2. **Homestead.**—When the wife unwillingly leaves the homestead of the family and no other homestead is acquired the husband can not sell such homestead. His deed therefor passes no interest against the wife when asserting her rights.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn. The opinion states the case.

*Harris & Saunders*, for appellants.—1. In order to entitle the plaintiffs to recover in this case it devolved on them to prove title by limitation, or that they had occupied the land under claim of title, and that defendants are mere trespassers, neither of which was done. Const.

1869, art. 12, sec. 43; Lea v. Hernandez, 10 Texas, 137; Hooper v. Hall, 35 Texas, 82; Jackson v. Hazan, 2 Johns., 22.

2. Even if plaintiffs were in possession of the land in controversy, and Myers bought the land from Prior Evans without the consent of the wife, they could not recover in this suit, especially as against Cockrum and Holland, between whom and Myers no privity is shown.

*James Boyd*, for appellees.—1. It was only necessary for appellees to show by the proof that they held the land and occupied it from 1870 to 1881 or 1882 by a written deed defining the same by metes and bounds. Parker v. Railway, 71 Texas, 132; Alexander v. Gilliam, 39 Texas, 227; Wilson v. Palmer, 18 Texas, 592; Keys v. Mason, 44 Texas, 143.

2. The husband has no authority to sell the homestead of himself and wife, when the purchase money has been paid, without the consent of the wife; and as to Cockrum and Holland, they, like Myers, were naked trespassers, and when called on offered no excuse why they were there either in their own rights or as tenants of Myers. The purchase money had been paid Alford Evans for the land by the appellees. Jones v. Goff, 63 Texas, 248; Morris v. Geisecke, 60 Texas, 633; Farmer v. Simpson, 6 Texas, 304; Meyer v. Claus, 15 Texas, 518; White v. Shepperd, 16 Texas, 163; Clements v. Lacy, 51 Texas, 160; Gillum v. Collier, 53 Texas, 593; Hicks v. Morris, 57 Texas, 662; De Bruhl v. Maas, 54 Texas, 474; Henderson v. Ford, 46 Texas, 627.

COLLARD, JUDGE, *Section A.*—Suit of trespass to try title brought on the 13th day of March, 1884, by Katie Evans, joined by her husband Prior Evans, against Isaac Myers, J. W. Cockrum, and Wiley Holland, for twenty-two and one-half acres of land. The trespass was alleged to have been on the 1st day of March, 1882. Defendants pleaded not guilty. Plaintiffs amended their petition the 4th day of June, 1888, claiming that the land was their homestead, they being husband and wife; that they had never disposed of it or acquired another homestead before or since their dispossession, and that they so occupied the premises from 1870 until 1882, setting up title by limitation of ten years, adverse occupancy, and also by prior possession. The case was tried by the court, who gave judgment for plaintiffs, and defendants appealed.

Prior Evans had been a slave of Alford Evans, and was the husband of Katie Evans. On the 29th of October, 1869, Alford Evans sold to George Fulcher the land in controversy. No deed was made, but Fulcher executed notes for the purchase money. Fulcher moved on the land in 1869, put some improvements on it, and lived on it about two years, when, failing to pay for it, he sold it to Prior Evans, who by consent of Alford Evans assumed the payment of the notes given for the

purchase money.   In 1870 or 1871 Alford Evans made a deed to Prior Evans to the premises, at which time the latter paid all the purchase money.   Immediately after their purchase from Fulcher, Prior Evans and wife moved on the land, completed improvements of Fulcher, fenced all the land, and occupied it as their homestead until 1881 or 1882, at which time Prior Evans agreed to let Isaac Myers have it, on what terms or for what consideration does not appear.   No deed was made, but Prior at the time of the agreement delivered the deed from Alford Evans to him to Myers, since which time the land has been occupied by the defendants.   Whatever agreement was made between Prior and Myers was not consented to by Prior Evans' wife.   At this time they (Prior and wife) moved off the land, and her evidence is that she did not go away of her own accord.   The evidence is that they have no other land and have not acquired another homestead.

Appellants claim that the judgment of the court is erroneous because:

1.   The plaintiffs failed to prove that defendants were mere trespassers, or that they had wrongfully entered upon the land.

2.   Plaintiffs failed to show title in themselves.

These assignments will be considered together.   The ground upon which the judgment was rendered is not disclosed by the record, but if it can and ought to be sustained upon any view of the facts it should be affirmed.   The statute of limitations commenced to run in favor of the possession set up by plaintiffs after the 30th day of March, 1870, the date of the adoption of our Constitution of 1869.   Fulcher was then in possession, claiming the land under purchase from Alford Evans, which possession plaintiffs succeeded to in 1871, when Alford Evans made a deed to the land to Prior Evans.   How long this possession continued is not made certain by the evidence, but the trial judge probably concluded that it continued ten years, or at least that their possession, coupled with that of Fulcher, amounted to ten years while the statute was in operation.   Alford Evans, who deeded the land to Prior Evans, testified that the latter and his wife occupied the land as their homestead up to 1882, though he afterward said that they left it in 1880.   Katie Evans testified that they left it in 1881, but when asked on cross-examination if they did not leave it on the 1st of January, 1880, answered that she did not remember the exact date.   This evidence was sufficient to support a finding by the court that the parties had occupied the premises ten years or more, and that Evans and wife had acquired title by ten years limitation.   The weight of the evidence and the effect of it is in favor of such conclusion.   The wife had a homestead interest in the land, and her husband could not deprive her of it without her consent.   There is no pretense that she conveyed it or joined with her husband in any kind of a sale of it.   Her interest in it as a homestead could not be conveyed by deed except under the forms of the statute, and there is no evidence that there was an abandonment

of it as a homestead—nothing to show that it ceased to be their home-
stead, so as to give effect to any sale the husband might have made.
She did not leave it of her own accord; they owned no other land and
acquired no other homestead.    There is nothing in the evidence tend-
ing to show that the homestead rights were ever destroyed.    There is
no occasion for us to enter into any discussion of homestead principles.
They are well established by numerous decisions of our courts of last
resort, and so far as involved in this case are well understood.    Cline
v. Upton, 56 Texas, 319; Same Case, 59 Id., 27; Sanders v. Sheran, 66
Id., 655; Thorn v. Dill, 56 Id., 145; Smith v. Uzzell, Id., 315.

Defendants showed no legal or equitable rights in the land of any
kind.    The judgment of the court below was correct, and our opinion
is it should be affirmed.

*Affirmed.*

Adopted June 9, 1891.