## MAC F. MARBLE v. MRS. D. E. MARBLE.

### Decided November 21, 1908.

**1.—Deed—Delivery—Evidence.**

Evidence considered, and held sufficient to support a finding of the trial court that a deed from a father to his son, and relied upon by the son to sustain his claim to the land, was never in fact delivered to the son by or with the consent of the father.

**2.—Homestead—Evidence.**

Evidence considered, and held sufficient to support a finding of the trial court that a tract of land described in a deed, which was signed and acknowledged by the husband but not by the wife, was a part of a rural homestead at the date of the deed.

**3.—Homestead—Deed by Husband Alone.**

A deed to the homestead, or a part of the same, by the husband without the signature and acknowledgment of the wife, is void as to the wife, and after the death of the husband, no other homestead having been acquired, she may sue and recover the same.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*J. F. Duff* and *H. P. Barry*, for appellant.—Where a grantor signed and acknowledged a deed, and same is found after his death in the hands of a third party, the law presumes that he intended a delivery of the deed, and in order to overcome such presumed intent to deliver it would be incumbent upon those disputing the delivery of the deed to show such a state of facts as would amount to a fraud on the grantor for the third person to deliver the deed to the grantee. And since the facts do not support, but are contrary to, the court's finding that John S. Marble did not intend that M. W. Lowry should deliver the deed to the grantor, appellant, the deed should be upheld as a conveyance by estoppel of his community interest in the land subject to the wife's right of homestead therein.

In the case of Hubbard v. Cox, 76 Texas, 242, it is said: "Delivery by the grantor and acceptance by the grantee of a deed are both required to pass title to land; both facts may be established by circumstances as well as direct proof. Dikes v. Miller, 24 Texas, 423; Tuttle v. Turner, 28 Texas, 773; Van Hook v. Walton, 28 Texas, 59; McLaughlin v. McManigle, 63 Texas, 553. Actual manual delivery is not necessary, nor is it material that the delivery be by the grantor in person to constitute a good delivery. The form and manner of doing the act is not important so it is the manifest intention of grantor to deliver. Dan. on Deeds,

sections 261, 262 and 269. . . . These acts and declarations in our opinion tend to evidence a complete delivery. When her property was mentioned afterward, she stated that she had deeded it to Cox. It has been said: 'The doctrine seems to be settled that where a party executes and acknowledges a deed, and afterward, either by acts or words, expresses his will that the same is for use of the grantee, especially where the assent of the grantee appears to the transactions, it shall be sufficient to convey the estate although the deed remains in the hands of the grantor. Dill. on Deeds, section 262.'" Foster v. Johnson, 89 Texas, 640; Marler v. Handy, 88 Texas, 421; Stallings v. Hullum, 89 Texas, 431; Colonial & U. S. Mortgage Co. v. Thetford, 27 Texas Civ. App., 152.

*Parker & Hefner,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—This suit was brought by appellee, Mrs. D. E. Marble, against appellant, Mac F. Marble, in the statutory form of trespass to try title to recover about 20 acres of land, part of the F. Bigner league, known as Josiah Ashworth survey, in Jefferson County.

Appellant, defendant below, answered by plea of not guilty, pleaded improvements in good faith, and limitations of three, five and ten years.

Appellee, by supplemental petition, pleaded that the land constituted a part of the homestead of herself and husband, John S. Marble, at the time the latter signed and acknowledged a deed purporting to convey the land to appellant, and alleging that such deed was absolutely void.

The case was tried before the court without a jury, and judgment was rendered for appellee for the title and possession of the land and denying appellant's claim for the value of improvements, from which judgment this appeal is prosecuted.

The trial judge filed his findings of fact and conclusions of law, which we adopt:

"First. The land in controversy in this suit is a part of the land title to which passed by deed from Wm. McFaddin to Jno. S. Marble, executed July 13, 1887, acknowledged before A. S. John, and recorded the same day in volume 4, pages 251 and 252, deed records of Jefferson County, Texas, and at the time of the execution of said deed the said Jno. S. Marble and plaintiff herein, Mrs. D. E. Marble, were husband and wife, and said land became on execution of said deed the community property of Jno. S. Marble and Mrs. D. E. Marble, and continued to be their community property and a part of their rural homestead up to the death of Jno. S. Marble on October 26, 1905, their said rural homestead being at all times less than 200 acres in quantity and in one body; and I further find that at the time of the purchase of the property in controversy, on June 13, 1887, the same was intended to be and therefore became the rural homestead of the said Jno. S. Marble and the plaintiff herein, his wife, D. E. Marble, and that from said date last mentioned up to the death of Jno. S. Marble, on October 26, 1905, they lived together upon said rural homestead, including the land in controversy in this suit, at times cultivating, using and enjoying the same and claiming same as a part of their said homestead.

"Second. I further find that upon the death of said Jno. S. Marble

he left a valid written will, which has been duly and legally probated, and that by said will title to the property in controversy passed to the plaintiff herein, Mrs. D. E. Marble.

"Third. I further find that on or about October 31, 1898, Jno. S. Marble, now deceased, being at said time the husband of plaintiff herein, signed and acknowledged a deed, which deed recited the said Jno. S. Marble and his wife, plaintiff herein, Mrs. D. E. Marble, as grantors, and named the defendant herein, Mac F. Marble, as grantee, and on its face purported to convey the property in controversy in this suit to the said Mac F. Marble, but I further find that the said property was at the time said deed was signed by Jno. S. Marble a part of the homestead of the said Jno. S. Marble and plaintiff herein, Mrs. D. E. Marble, and I further find that the said Mrs. D. E. Marble never signed, executed or acknowledged the said deed, nor agreed to its execution, but that she, the said Mrs. D. E. Marble, refused, and continued at all times to refuse, to either sign, execute or acknowledge the said deed, and I further find that the said deed, upon being signed and acknowledged by the said Jno. S. Marble, was by him deposited with his attorney, M. W. Lowry, subject to the order of him, the said Jno. S. Marble, and that the said Jno. S. Marble never during his lifetime instructed that the same should be delivered to the defendant herein, Mac F. Marble, or anyone else, and I find that the said deed herein never was in fact delivered, or intended by the said Jno. S. Marble to be delivered, to the said Mac F. Marble, unless it should be first signed, executed and acknowledged by the plaintiff herein, Mrs. D. E. Marble, in which event, however, it was intended by said Jno. S. Marble that said deed should be delivered by said Lowry to said Mac F. Marble, but I further find that the said defendant herein, Mac F. Marble, received the said deed from M. W. Lowry after the death of said Jno. S. Marble, but that the said deed was not delivered to the defendant herein, Mac F. Marble, with the intention that title to the property in controversy herein, or any part thereof, should pass thereby, and that neither the said Jno. S. Marble during his lifetime, nor the plaintiff herein, Mrs. D. E. Marble, ever authorized or intended said deed to be delivered to the said Mac F. Marble except in the event aforesaid.

"Fourth. I further find that the said Mac F. Marble took possession of said property adverse to the plaintiff herein for the first time less than twelve months before this suit was filed, and that at the time the said defendant, Mac F. Marble, first took adverse possession of said property, and long prior thereto, and at all times since, he, the said Mac F. Marble, had actual notice and actual knowledge that the said property in controversy herein was a part of the homestead of his mother, the plaintiff herein, Mrs. D. E. Marble, and that she had never signed, executed or acknowledged the purported deed from Jno. S. Marble to Mac F. Marble, hereinbefore described, and the said Mac F. Marble at all such times mentioned knew that his mother, the said Mrs. D. E. Marble, plaintiff herein, had refused to sign, execute or acknowledge said deed, and that she claimed sole ownership of said property and fee simple title.

"Fifth. I further find that there was no valuable consideration paid by the said Mac F. Marble, either to said Jno. S. Marble, deceased, or to Mrs. D. E. Marble, plaintiff, at any time for the property in contro-

versy, or any part thereof, or as a consideration for the deed or pur-
ported deed from Jno. S. Marble to Mac F. Marble aforesaid.

"Sixth. I further find that defendant, Mac F. Marble, did not have
peaceable and adverse possession of said property hereinbefore described
for ten years prior to the filing of this suit, nor for five years prior to the
filing of this suit, nor for three years prior to the filing of this suit, but
that such peaceable and adverse possession of the defendant, Mac F.
Marble, was, in fact, for less than one year prior to the filing of this suit,
and I further find that defendant put no such valuable improvements
on the property in controversy as the law contemplates in parol sales
of land, until after this suit had been filed, and about a year after the
death of the said Jno. S. Marble, and at the time of the making of said
improvements said defendant knew that the plaintiff herein claimed to
own said property in her own right and as a part of her homestead, and
she never consented to the placing of said improvements on the land in
controversy by the defendant, but objected thereto.

"*Conclusions of law.*—First. I find that on, to wit, June 13, 1887, the
property in controversy became a part of the community property of Jno.
S. Marble, now deceased, and his then wife, Mrs. D. E. Marble, plaintiff
in this suit, and a part of their rural homestead, and so continued up to
the death of said Jno. S. Marble, on October 26, 1905, and same has
continued, up to the date of the trial of this cause, to be a part of the
homestead of the plaintiff herein, Mrs. D. E. Marble; and the community
interest in said property in controversy formerly belonging to Jno. S.
Marble passed by valid will of Jno. S. Marble, which has been legally and
duly probated, to the plaintiff herein, Mrs. D. E. Marble, and she is the
sole owner of the fee simple title to the property in controversy and every
part thereof.

"Second. I find that no title passed to Mac F. Marble by the deed
from Jno. S. Marble to Mac F. Marble, dated October 31, 1898, for the
reason that said deed was never legally or lawfully delivered by Jno. S.
Marble or by his authority, nor by the plaintiff herein, Mrs. D. E. Mar-
ble, nor by her authority, to Mac F. Marble, or anyone else, with the in-
tention on the part of either said Jno. S. Marble or the said Mrs. D. E.
Marble that title should pass thereby, and for the further reason that at
the time of the signing of said deed last mentioned the property in con-
troversy constituted a part of the homestead of Jno. S. Marble and plain-
tiff herein, Mrs. D. E. Marble, and who were then husband and wife, and
the said deed was not executed by the said Mrs. D. E. Marble in the
manner provided by law for the conveyance of the homestead of a mar-
ried woman, and same has never been ratified or confirmed by the said
Mrs. D. E. Marble in any manner.

"Third. I further find that the defendant, Mac F. Marble, has
wholly failed to show any title by limitation to the property in contro-
versy, or any part thereof.

"Fourth. I further find that the defendant, Mac F. Marble, did not
make valuable improvements upon the property involved in this suit in
good faith.

"Fifth. I therefore find that the plaintiff herein, Mrs. D. E. Marble,
is the sole owner in fee-simple title of the property involved in this suit,

and every part thereof, in her own right, and is entitled to possession of the same, and I further find that the defendant, Mac F. Marble, is not entitled to recover anything upon his plea of valuable improvements made in good faith, for the reason that no such improvements were made by him in good faith, and were not, in fact, made during the lifetime of Jno. S. Marble, under whom said defendant claims title."

By his third and fourth assignments of error appellant challenges the correctness of the court's third finding of fact, in that he contends there is no evidence that Jno. S. Marble did not instruct the notary to deliver the deed to Mac F. Marble or anyone else, and that there is no evidence that Jno. S. Marble deposited the deed with the notary subject to his order, and further that there is no evidence that Jno. S. Marble intended that the deed should not be delivered by the notary to Mac F. Marble, and that there is no evidence that Jno. S. Marble intended that the notary should do with said deed other than deliver it to Mac F. Marble when the same was signed and acknowledged by the appellee.

The findings of the trial court in regard to the matter complained of are amply supported by the testimony. There is no question that Mrs. Marble refused to sign and acknowledge the deed, and, in fact, never did so. Lowry, the notary, testified that several years before the trial Jno. S. Marble handed the deed to him, which had then been signed and acknowledged by Jno. S. Marble, and requested him to take it to Mrs. Marble and have her sign and acknowledge it. That Mrs. Marble refused to sign the deed, and then Jno. S. Marble told him to take the deed back and keep it, and when she got ready to sign it, to obtain her signature and acknowledgment; that Mr. Marble did not tell him to deliver it to anyone, but that he would have delivered the deed to Jno. S. Marble at any time he wanted it; that Mr. Marble gave the deed to him and that he was holding it for Mr. Marble. "I just held the deed subject to Mr. Marble's order."

The deed was in the notary's possession at the time Jno. S. Marble died, and remained in his possession for six, seven or eight years, when Mac F. Marble called for it and it was delivered to him. The deed was left with the notary in order to have Mrs. Marble sign and acknowledge it, but this she never did. This witness further testified that when the deed was left with him it was not with the understanding that it should be delivered to Mac F. Marble at any time, but only in the event of Mrs. Marble's signing and acknowledging it. This testimony, we think, sustains the findings of fact complained of, and the assignments are overruled.

It is complained by the twelfth assignment that the court erred in its second conclusion of law in holding that the deed was never legally delivered by Jno. S. Marble or by his authority to Mac F. Marble or anyone else, with the intention that the title should pass thereby, and in holding that no title passed to Mac F. Marble by the deed, and in holding that at the time Jno. S. Marble signed the deed the land in controversy constituted a part of the homestead of Jno. S. Marble and wife, Mrs. D. E. Marble. The testimony was sufficient to warrant, if it did not compel, the finding that at the date of the deed the land in controversy was a part of the homestead of Jno. S. Marble and his wife, Mrs. D. E. Marble; that it continued to be their homestead until Jno. S. Marble

died, and since his death it has been the homestead of Mrs. D. E. Marble. It was shown that the land was in the country, and that appellant's father and mother owned and lived upon some 70 or 80 acres, including the land in controversy, all of which was in one body, but bought in separate tracts of 20 acres or less at a time; that the land in controversy was across the road from and adjoined the tract upon which they lived, and they bought it, fenced it, cultivated it, claimed and used it as a part of their homestead. The facts before stated show, we think, that there was no such delivery of the deed to Mac F. Marble as to pass the title to him.

But waiving that question, and conceding for the sake of argument that it did, was it a valid conveyance of the husband's community interest in the homestead? Appellant contends that the deed, when delivered in the manner that it was, should be upheld as a conveyance by estoppel of the husband's community interest, subject to the wife's right of homestead therein, and has referred us, in support of this proposition, to the case of Marler v. Handy, 88 Texas, 421. In that case it is held that when the husband, acting in good faith, has acquired a new home, and his wife has removed with him to the newly acquired homestead, a previous deed made by him, without her concurrence, to the former homestead, becomes operative as to the husband as an estoppel as against his right to recover the property. But we have no such case before us. Here no new homestead was acquired, and the land in question constituted the homestead of the husband and wife until the death of the husband, and since then has continued to be the homestead of the wife.

Stallings v. Hullum, 89 Texas, 431, is a case in which the wife brought suit to cancel a deed executed by herself and husband. Cancellation was sought on the grounds that the property conveyed constituted the homestead of the plaintiff and her husband, and that her signature to the deed was procured through fraud. The defendant pleaded that the plaintiff had abandoned the property as her homestead, and that it was the separate property of the husband, or, if not, that it was the community property of the latter and his wife. Upon proof of the facts alleged by the plaintiff the trial court held that the deed was void and inoperative as to the wife and as a conveyance *in presenti* of any interest in the homestead, but that it was valid as to the husband, and operated to transfer his one-half interest therein as soon as it should cease to be the homestead of the wife. The Supreme Court held the judgment to be erroneous. After quoting article 16, section 50, of the Constitution of 1876, as well as the language of the former Constitutions, which forbade the husband to sell the homestead without the consent of the wife, Chief Justice Gaines, who wrote the opinion of the court, says:

"What is prohibited by law is as clearly invalid as if it had been declared void. The alienation of the homestead by a married man without the consent of his wife, evidenced in the manner required by law, being prohibited, his attempted conveyance without her joining in the deed is void, in so far as it in any manner affects her interests. The mere privilege of possession and enjoyment is not the measure of her right in the homestead. With the concurrence of her husband she may exchange it for another; she may consent to a sale with a view to the investment of the proceeds in a new homestead, or in view of her hus-

band's receiving such consideration as she may deem an adequate compensation for the alienation of the shelter for the family. It is clear that the judgment in this case does not secure to her these rights. It is not practicable to carve out her interest in the property, and it is our opinion that the framers of the Constitution never intended that this should be done. The point was distinctly presented in the case of Rogers v. Renshaw, 37 Texas, 625. That was a suit by a widow to recover the homestead, which had been sold by the husband in his lifetime without her consent. As will be seen by the report of the case, the brief of counsel for defendants made the point that the wife was entitled to the life estate only, and that her recovery should be so limited. But this contention was not allowed, and she was given judgment for the land. The question arose under the Constitution of 1861, and, as we have seen, the provision there found has been reenacted in substantially the same language in every Constitution since. It is to be presumed that in the Constitution of 1876 it was intended that the provision should have the same construction which had been applied to the same language in the former Constitutions. The case referred to was cited with approval in Campbell v. Elliott, 52 Texas, 151. See, also, Myers v. Evans, 81 Texas, 317."

In distinguishing the case of Marler v. Handy from the one under consideration the learned Chief Justice goes on to say:

"In Irion v. Mills, 41 Texas, 310, the husband alone executed a deed to the homestead. Both he and his wife died, and administration was taken out on his estate. The administrator intervened in a suit between third parties for the property, and it was held that he was estopped by his intestate's deed. But there was no party to that suit who claimed in any manner under the wife. The decision in that case is in harmony with the very recent case of Marler v. Handy, 88 Texas, 421, in which it was held that the deed to the homestead executed by the husband alone operated, by way of estoppel, to pass the title to the grantee upon the acquisition by the grantor of a new homestead for his family, provided such acquisition was not made with intent to defraud the wife out of her interest in the former homestead. The wife having ceased to have any interest in the former homestead as such, no reason was seen to exist why the deed should not take effect. It is said in that case that the deed is not void; but it was not meant that it was valid as to the wife, or that it could in the slightest manner affect her rights before a new homestead was acquired.

"The fact that it was held in those cases that the deed was not so far void as to prevent it from operating by way of estoppel against the husband when the wife's interests may cease does not justify the conclusion that it was to have any operation whatever so long as her right of homestead in the property should continue to exist."

It is our conclusion that there was no such delivery of the deed from Jno. S. Marble to appellant as to pass title to the land, or any part thereof, to the latter, or, if this is not correct, the land constituting, in part, the homestead of the said Jno. S. Marble and appellee, the deed was void, and that the trial court did not err in so holding. The assignment is overruled.

What we have above said disposes of practically all the other assign-

ments presented by appellant in his brief, all of which assignments have been examined by us and no reversible error found in any of them. The judgment of the district court is affirmed.

*Affirmed.*