### LEIGH v. WAMPLER et ux.
No. 9575.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

Rehearing Denied June 26, 1935.

Ditzler H. Jones, of Uvalde, for appellant.

G. B. Fenley, of Uvalde, and M. L. Harkey, of Crystal City, for appellees.

SMITH, Justice.

Some years ago A. E. Wampler and wife purchased and instituted their home upon 80 acres of land in Zavala county. From time to time thereafter they purchased additional land, contiguous to the 80-acre tract, until their holdings aggregated 320 acres. But they built their dwelling house and other improvements, constituting the property as their homestead, upon the original 80-acre tract, which they divided by fences into two highly improved fields.

On December 26, 1932, Wampler, by deed duly recorded, formally dedicated 200 acres of the property, specifically described, as the family homestead, and procured a loan upon the remaining 120 acres thus segregated. The original 80-acre tract was included within the 200 acres so designated as the homestead. The family has never abandoned, and still occupy, this rural homestead, thus established.

On January 31, 1933, Wampler, without the joinder of his wife, entered into a written contract with Glen Leigh, whereby he undertook to lease to Leigh, for a term of three years, one of the 40-acre fields out of the original 80-acre tract. Leigh went into possession under the terms of the contract, and made a crop on the land during the year 1933. At the end of that year, however, the Wamplers resumed possession of the leased acreage, and thereby sought to repudiate the lease to Leigh, and exclude him from further possession by virtue of the lease contract. When Leigh thereafter undertook to resume possession and make crops for the ensuing year, 1934, the Wamplers brought this action to recover possession of the property, to cancel the lease in question, and for an injunction restraining Leigh from going upon the premises for the purpose of operating thereon by virtue of the lease. In response to a directed verdict, the trial court rendered judgment granting the Wamplers the relief prayed for, and Leigh has appealed.

We are of the opinion that the trial court did not err in holding the lease void and in granting the injunction. The 40 acres upon which Leigh obtained the lease from Wampler was concededly a part of the Wamplers' family rural homestead of 200 acres, which had been designated, segregated, and restricted, first, by formal dedication, and, second, by obtaining a legal loan on the remaining land by conduct which cut them off from any claim upon that land as a part of the homestead. They have never abandoned this, and have no other homestead or property to which a homestead claim can attach.

In such case, the husband had no power or authority to convey, or lease for a term of more than one year, any part of that homestead, without the joinder of his wife in the manner provided by statute, and,

therefore, Wampler's attempted lease, to Leigh, of 40 acres out of the family homestead, for a period of three years, without the wife's joinder, was void. Article 1300, R. S. 1925; Speer's Law of Marital Rights (3d Ed.) p. 580, § 479; Dykes v. O'Connor, 83 Tex. 160, 18 S. W. 490; Haile v. Haile (Tex. Civ. App.) 93 S. W. 435; Ellis v. Bingham (Tex. Civ. App.) 150 S. W. 602; Marble v. Marble, 52 Tex. Civ. App. 380, 114 S. W. 871.

The judgment is affirmed.