## WOODS v. OSBORN et al.

### No. 1741.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1938.

Perkins & Culbertson and Boykin, Ray & Shirley, all of Fort Worth, for appellant.

A. K. Doss, Sayles & Sayles, and Scarborough & Ely, all of Abilene, for appellees.

FUNDERBURK, Justice.

This is a suit brought by Mrs. Helen Woods, a widow, against certain parties as defendants, named in plaintiff's second amended original petition, as follows: R. L. Osborn, C. H. Suits, R. F. St. John, G. C. (Dick) Barkley, Mrs. Sylvia Barkley, a feme sole, L. E. Lockhart, Hal Hughes, as receiver of the assets of G. C. (Dick) Barkley, the Lincoln Pipe & Supply Company, and Roy Guffey. Plaintiff alleged her ownership of a tract of land; that a former oil and gas lease thereon to R. L. Osborn had expired according to its terms; the signing of a new lease naming R. F. St. John as lessee; her agreement that same "would be delivered to him as a valid and effective lease only upon the condition that the said R. F. St. John sign the same and return a signed copy thereof to plaintiff. That the defendant R. F. St. John has never signed said lease nor returned a signed copy of the same to her. * * * In the premises she says that the first lease expired according to its terms and the second lease never became effective for any purpose and should be rescinded and canceled and held to be void."

It was alleged that the lease had been recorded and rights thereunder asserted by the lessee and assignees.

The petition contained allegations of conspiracy and fraud which perhaps may be considered as asserting in the alternative one or more other causes of action which need not be particularly noticed, since not established by the verdict of the jury nor the uncontroverted evidence.

The jury to whom the case was submitted upon special issues, among other things, found that at the "time Mrs. Woods signed the lease to St. John she instructed Roy Guffey not to deliver it to St. John until and unless St. John signed it and a copy of it" and "that Mrs. Woods did not intend to give the lease to St. John until he had signed it and a copy of it." The undisputed evidence established the fact that St. John did not sign the lease or copy. The plaintiff filed a motion for judgment, based upon the verdict, which was overruled. The defendants filed a motion for judgment on the verdict, and also a motion for judgment notwithstanding the verdict, which motions were likewise overruled. The court gave judgment decreeing specific performance of the obligations of the lessee as expressed in the lease, based upon an alternative claim in plaintiff's petition. The plaintiff has appealed.

Appellees have filed a motion to dismiss the appeal but have filed no brief. The motion to dismiss has heretofore been passed for consideration with the case upon its merits. The ground for dismissal urged in the motion is that the judgment is not final and appealable, because it "failed to make any disposition of the defendants Mrs. Sylvia Barkley, L. E. Lockhart, Hal Hughes, receiver, and the Lincoln Pipe & Supply Company." We readily reach the conclusion that the motion to dismiss should be overruled.

The judgment shows the dismissal of the suit as to R. F. St. John without prejudice. It recites the filing of a disclaimer by L. E. Lockhart. The judgment recites the overruling of motions by the plaintiff and by the defendants for judgment on the verdict, and a motion of the defendants for judgment notwithstanding the verdict, thus disposing of all claims made in said motions. It then decrees the performance in favor of the plaintiff and against the defendants Roy Guffey, C. H. Suits, G. C. (Dick) Barkley, and R. L. Osborn of the obligations of the lease, not necessary particularly to set out. The judgment then provides "All other relief prayed for by all parties is denied." If without the last-cited provision every party and issue was not either expressly or impliedly disposed of by the judgment, there can be no doubt, we think, that such is the necessary effect of the last-quoted declaration of the judgment. The motion to dismiss will therefore be overruled.

Upon the merits of the appeal but one question is presented for our decision. Appellant contends that the court erred in overruling her motion for judgment upon the verdict. If the action of the court in overruling the motion was not correct, the only ground upon which it is subject to attack must be that the verdict sufficiently established that the lease was never deliver-

ed and therefore never became effective, and the registering of the same and claim of rights thereunder entitle the plaintiff to a judgment declaration of its invalidity and removal of the cloud cast thereby upon her title to the land. From the foregoing statement of the case it appears that the invalidity of the lease on the ground that it was never delivered was alleged in plaintiff's petition. It likewise appears that the essential issues embodied in that ground of recovery were found by the jury in favor of the plaintiff except the fact that the essential conditions were not performed. The last-named fact was established by the undisputed evidence. The rule now prevails that only disputed issues of fact are required to be found by the jury. Under this rule issues established by undisputed evidence are available in support of the judgment, the same as the issues established by the verdict of the jury. Plaintiff's testimony was clear and free from suspicion or doubt that St. John did not sign the original lease, nor sign and return to her a copy. St. John, himself a defendant, testified to the same effect. There was no evidence to the contrary. It should be considered, we think, that the fact was conclusively shown by the evidence.

The question of the delivery of the lease does not involve a manual transfer of the possession of the instrument to the lessee in person. Our investigation convinces us that, if such were the case, a far more difficult question than the one we have would be involved. The evidence of delivery upon which the jury predicated its verdict, as the verdict itself shows, involved a transfer of the manual possession of the lease, after it was signed by appellant, to Roy Guffey, a third person. It has been said that, "Where a deed is given to a third person to hold until the performance of some act by the grantee or the happening of some contingency, it does not operate as a delivery to the grantee, and a delivery by the depositary contrary to the directions of the grantor will not pass the title." 18 C.J. 206, § 105; Marble v. Marble, 52 Tex. Civ.App. 380, 114 S.W. 871; Allison v. Williams, Tex.Civ.App., 91 S.W. 249; Houston Land & Trust Co. v. Hubbard, 37 Tex.Civ.App. 546, 85 S.W. 474.

While "A delivery of a deed to a person having authority to receive the same in behalf of the grantee will be a sufficient delivery" (18 C.J. 205, § 106, Smith v. Thompson, Tex.Civ.App., 201 S.W. 220), it does not follow, we think, that the grantor, or lessor, in a proposed deed or lease, may not make an agent of the grantee or lessee the agent of the former so as to limit his authority to make delivery to the grantee or lessee of such an instrument, and subject his authority to deliver to specified conditions. In Merchants' Ins. Co. v. Nowlin, Tex.Civ.App., 56 S.W. 198, it was determined that the grantor may make the agent of grantee his depositary to hold a deed in escrow pending the performance of specified conditions. In 21 C.J. 878, § 23, it is said: "An agent of the grantee is not necessarily incapacitated by force of his agency from acting as the depositary of an escrow, and he may become such depositary where, under the circumstances of the case, to do so involves no violation of duty as agent of the grantee."

It is immaterial, we think, whether the evidence showed, technically, a delivery in escrow of the lease to Guffey. Whether the delivery was truly one in escrow or not, we can perceive no good reason why the delivery of a lease to an agent of the proposed lessee, with directions that it be not delivered to the named lessee except upon specified conditions, may not be effective to prevent delivery in the absence of such conditions.

It is immaterial, we think, that the conditions prescribed would have had little or no effect upon other rights of the parties. The owner of land proposing to convey an interest therein and under no legal compulsion to do so may prescribe even frivolous conditions upon which a lease is to be delivered. It is wholly immaterial that the signing of the original lease by the proposed lessee and the signing by him and delivery of a copy to the lessor would probably have served no useful purpose nor have been effective to protect any right of the appellant.

It is our conclusion that the court should have given judgment for appellant upon the verdict of the jury and the undisputed evidence, for which reason the judgment should be reversed and, this phase of the case apparently having been fully developed, that judgment should be rendered for the appellant. It is accordingly so ordered.

Reversed and rendered.