**Cleveland CRAWFORD et al., Appellants,**

v.

**Herbert SANDEL et al., Appellees.**

**No. 12802.**

Court of Civil Appeals of Texas.

Galveston.

Feb. 17, 1955.

Rehearing Denied March 17, 1955.

Louis W. Graves, Jr., and J. Leonard Gotsdiner, Houston, for appellants.

Davis & Phillips and J. G. Davis, Huntsville, for appellees.

CODY, Justice.

This suit, which is numbered 9967 on the docket of the District Court of Walker County and styled "Cleveland Crawford et al. v. Herbert Sandel et al.," was brought by appellants in trespass to try title to recover 196.6 acres in Walker County, further described in the pleadings of the parties, and also to cancel a deed from appellants to their father, Sam Crawford, Sr., and also to cancel a deed of trust from Sam Crawford, Sr., to secure Gibbs Brothers and also to cancel a deed from Gibbs Brothers to Sandel. Appellants also sought to recover rents. The District Court sustained appellees' (defendants) plea in bar and dismissed the cause, holding that plaintiffs' cause was barred by estoppel by judgment theretofore rendered in the same court in a suit bearing the same style on the docket of the District Court of Walker County but bearing the file No. 9775.

The question to be determined on this appeal is whether the judgment rendered in Cause No. 9775 aforesaid, which was rendered on April 17, 1950, is a bar to the present action, numbered as aforesaid 9967. We take the following statement of the history of the litigation from appellees' brief:

"On May 5, 1948, the plaintiffs herein (joined therein by Callie Smith and her husband, John Smith, Cleveland Crawford, Robert Crawford, and Oscar Crawford), filed cause No. 9775 in the District Court of Walker County, Texas, against the defendants herein. No. 9775 was an action in trespass to try title to recover 196.6 acres of land in Walker County, to cancel a deed from certain of the plaintiffs therein (except the plaintiffs Cleveland Crawford, Callie Smith and John Smith who did not execute the deed) to their father, Sam Crawford, Sr., to cancel a deed of trust from Sam Crawford, Sr., to secure Gibbs Brothers and to cancel a deed from Gibbs Brothers to Herbert H. Sandel, because of alleged fraud on the part of Gibbs Brothers and to recover rent and damages.

"Defendants' Trial Answer in No. 9775 consisted of a plea of not guilty and a cross action against all of the plaintiffs for recovery of the lands.

"Trial of this cause was had before the Court without a jury and judgment was rendered on April 17, 1950. In the judgment the Court found that the defendants perpetrated no fraud upon the plaintiffs, that the deed from plaintiffs to their father was in fact and in law a valid conveyance of the land and was so intended by them and that the defendant Sandel was an innocent purchaser for value without no-

**338**

tice. The judgment described the lands as described in the trial pleadings, adjudged an undivided 1/20 of the land to plaintiff Callie Smith, an undivided 2/20 of the land to the plaintiff Cleveland Crawford, and adjudged that the other plaintiffs (naming all of them except John Smith) take nothing by their action against all of the defendants by name and denied all relief not granted. The judgment made no specific reference to defendants' cross action.

"Plaintiffs requested and the Court filed separate findings and conclusions, which findings showed the history of the title to the land and negatived every material allegation of plaintiffs' trial pleadings. The conclusions were that an undivided 1/20 of the suit lands was vested in Callie Smith, an undivided 2/20 thereof was vested in Cleveland Crawford and an undivided 17/20 thereof was vested in the defendants.

"Plaintiffs sought to appeal the judgment No. 9775 to this * * * Court * * * where the cause was numbered No. 12,231. The appeal was dismissed by order of this Court of June 29, 1950.

"Some time prior to May 10, 1952, plaintiffs herein (being all of the plaintiffs in No. 9775, except Cleveland Crawford, Callie Smith, John Smith, Robert Crawford and Oscar Crawford, who are not parties to this action), filed this suit No. 9967 in the District Court of Walker County, against the defendants (being the same defendants in No. 9775), in trespass to try title to recover the same lands, to set aside the same deeds, and deed of trust, upon the same allegations of fraud and to recover rent and damages. The material allegations of the trial pleadings in both cases being verbatim."

A copy of the judgment rendered in Cause No. 9775 is appended hereto and designated as "Appendix A". There is omitted therefrom the immaterial matters such as the number, style and description of the land involved therein.

Appellants predicate their appeal from the action of the court below upon four points, being to the effect that the trial court erred (1) in sustaining appellees' plea in bar because the judgment of April 17, 1950 was not final for failure to dispose of John Smith as a party plaintiff, and further (2) because the judgment was not final for failure to dispose of the claim of John Smith for rents and damages, and further (3) because said judgment is a nullity in that the decretal portion that the plaintiffs take nothing is in diametric conflict with the decretal portion that any relief not granted is expressly denied, thereby expressly denying defendants' cross action for the same land and for rents and revenues, and (4) because the judgment is so vague, confusing, contradictory and indeterminate in its provisions as to render it impossible for the ministerial officers of the court with certainty to carry same into execution so that the judgment is not a final one but is void and invalid.

We overrule the appellants' points.

█ The judgment in Cause No. 9775 determines the rights of all the parties to the suit and disposes of all of the issues made by the pleadings therein. The issue of fraud tendered by plaintiffs' pleadings is found in favor of the defendants in said suit. On the issue of title, the plaintiff, Callie Smith (wife of John Smith), recovered title and possession to an undivided 1/20 interest in the land in question and the plaintiff, Cleveland Crawford, recovered title and possession to an undivided 2/20 in the land in question, and the remaining plaintiffs (who are specifically named in the judgment) had a judgment rendered against them that they take nothing against the defendants as to the remainder of the land involved. The issue of whether defendant Sandel was an innocent purchaser for value from Gibbs Brothers of the 17/20 interest in the land was found against plaintiffs in said action. After making such express disposition of said issues, the judgment concludes with this catch-all provision: "All relief herein prayed for by any of the parties to this suit and not specifically granted is expressly denied." The legal equivalent of this catch-all provision has been held to give finality to a judgment

in Woods v. Osborn, Tex.Civ.App., 113 S.W.2d 636, 637, and Guerra v. Garza, Tex.Civ.App., 93 S.W.2d 537. While it is true that plaintiff, John Smith (husband of Callie Smith), was not mentioned by name in the judgment, he was one of the parties plaintiff and as such he was concluded by the catch-all provision.

■ Upon the face of the judgment itself no conflict is apparent; but among the issues made in the pleadings of the parties and not specifically disposed of upon the face of the judgment is a cross action brought by the defendants to recover title to the same land which plaintiffs sued to recover. By the catch-all provision the defendants are by the judgment denied any recovery of the title to the land upon their cross action. However, it is well settled in Texas law that in a trespass to try title action a judgment that plaintiffs "take nothing" vests the title to the land, so far as plaintiffs are concerned, in the defendants. French v. Olive, 67 Tex. 400, 3 S.W. 568, 569. It was there held, "When appellants failed to make out their case, it was a matter of no concern whether appellees could show any title or not. They were entitled to a judgment, forever conclusive of all claim of appellants to the premises in controversy. * * * Appellees have been adjudicated that to which they were entitled by reason of appellants' failure to establish their title, and no more." See also Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 111 A.L.R. 1152. So, under the holdings of the cases such as French v. Olive and Permian Oil Co. v. Smith, supra, the failure of plaintiffs in Cause No. 9775 to establish their title, entitled defendants therein to have adjudicated to them title to an undivided 17/20 of the land in the main action. And, under the same holdings, the failure of defendants to recover title upon their cross action could not divest title from them which had been adjudicated to them in the main action. This present action is, of course, a collateral attack upon the judgment in Cause No. 9775. The judgment, considered alone, contained nothing within its four corners to create any ambiguity. It is certain that

there was no intention to have any conflict in the judgment, and its provisions should be harmonized. If an ambiguity is imported into the judgment by reason of the catch-all provision, taken together with defendants' cross action in trespass to try title, then resort would have to be made to the judgment roll. The findings of fact by the court, being the legal equivalent of the verdict of a jury, forms a part of the judgment roll. Such findings of fact are consistent only with the intention on the part of the court to render judgment of title to an undivided 3/20 to two of the plaintiffs and judgment of title to the defendants to the remaining undivided 17/20 of the land.

We have concluded that the judgment of the trial court should be affirmed and it is so ordered.

Affirmed.

### Appendix A.

"Be It Remembered that on the 7th day of February, 1950, came on to be heard and considered the above entitled and numbered cause, when came the plaintiffs, in person and by their attorney of record, when also came the defendants, in person and by their respective attorneys of record, and all parties announced ready for trial. A jury being waived, all matters of law as well as of fact were submitted to the Court, and the Court having heard the pleadings and the evidence on February 8, 1950, at the conclusion of the evidence, took the cause under advisement for final determination. Now on this *17th* day of April, 1950, the Court finds that the law and facts are with the defendants, that the deed dated December 29, 1936, of record in Volume 85, page 95, of the Walker County Deed Records, offered in evidence herein, executed by Robert Crawford, et al, to Sam Crawford, Sr., was executed as, and is in fact and in law, a valid and lawful deed of conveyance from the grantors therein to Sam Crawford, Sr., and was so intended by the parties thereto; that the defendants perpetrated no fraud upon the plaintiffs; that the defendant, Herbert Sandel, purchased an undivided seventeen-twentieths (17/20) of the lands and premises involved in this action

from his co-defendants by deed dated February 3, 1948, of record in Volume 120, page 539, of the Walker County Deed Records, offered in evidence herein, in good faith, for a valuable consideration and without notice, actual or implied, of any claim or interest of the plaintiffs, and that he is and was, in fact and in law, a bona fide purchaser. Because It Is The Opinion Of The Court.

"It Is Accordingly Ordered, Adjudged And Decreed By The Court that the plaintiffs, Ephraim Crawford, Cornelius Crawford, Sam Crawford, Jr., Agatha Thomas and her husband, James Thomas, Odessa Miller and her husband, James Miller, Ora Mae Crawford, Robert Crawford and Oscar Crawford, take nothing by their action herein against the defendants, J. P. Gibbs, Alla Gibbs Robinson, Luteola Gibbs Hawley, Wilbourn S. Gibbs, Jr., Philip. Gibbs, Jr., Sarah Elizabeth Gibbs, Wilbourn T. Robinson, Herndon Y. Robinson, Henry H. Hawley, Jr., Sarah Alla Hawley Potter, Richard J. Potter, Kathleen Gibbs Klugh, Pauline Gibbs Butler, J. V. Butler, Cecile Gibbs Gee, James G. Gee, Edith Gibbs Sprott, Rufus J. Sprott, Virginia Gibbs Smyth and Joseph P. Smyth, Jr., individually and doing business as Gibbs Brothers & Company, and Herbert Sandel, and each of them, and that said defendants, and each of them, go hence, as to said named plaintiffs, and recover all costs of Court, for which let execution issue.

"It Is The Further Order, Judgment And Decree Of The Court that the plaintiff, Callie Smith, do have and recover of and from the defendants, and each of them, the title to and possession of an undivided one-twentieth (1/20) interest in and to the lands and premises hereinafter described, and that the Plaintiff, Cleveland Crawford, do have and recover of and from the defendants, and each of them, the title to and possession of an undivided two-twentieths (2/20) interest in and to the lands and premises hereinafter described. That said plaintiffs, Callie Smith and Cleveland Crawford, have all writs of restitution and possession necessary for the enforcement of this decree.

"The lands and premises involved in this action are described in the trial pleadings and are herenow described as follows:

(Here follows a metes and bounds description)

"All relief herein prayed for by any of the parties to this suit and not specifically granted is expressly denied.

"To which action of the Court the plaintiffs then and there in open court excepted.

"Rendered In Open Court this 17th day of April, 1950."