Tanner *v.* Hills.

[ALBANY GENERAL TERM, March 6, 1865. *Peckham*, *Miller* and *Ingalls*, Justices.]

---

TANNER *vs.* HILLS.

In respect to the letting of a single crop on shares, when the shares of the owners in the farm products are uncertain in amount, this makes the parties tenants in common, at least in the productions thus to be grown and shared between them.

T. agreed to let a farm to H., "to work on shares," for one year. T. was to furnish three working teams, the farming utensils, &c., one half the seed, and to stock the farm, and H. agreed to cultivate the land in a good husband-like manner, &c. T. also agreed to account to and pay H. "the value of the one half of all the grain, butter and net proceeds of the sheep and hogs and cattle that might be produced from the premises." *Held* that T. and H. were tenants in common of a crop of corn raised on the farm, by H., under this agreement.

THIS was an appeal by the defendant from a judgment of the Columbia county court, where the plaintiff recovered a verdict for $63.75, in an action originally commenced in a justice's court.

The action was for the conversion of some corn alleged to belong to the plaintiff. The corn was raised in 1861, on the farm of the plaintiff, by one Houghtaling, who occupied the said farm under an agreement made and entered into between him and Tanner, dated March 28, 1861. By the agreement the plaintiff agreed to let the farm in question unto Houghtaling "to work on shares for one year from the first day of April next." The plaintiff was to furnish three working teams, the farming utensils, &c. one half the seed, and to stock the premises in his judgment and discretion. Hough-

taling was to cultivate the premises in a good husband-like manner, &c. The agreement contained the following clause: "The said Tanner agrees to account to and pay the said Houghtaling, in consideration of the premises, and for his performances as herein before mentioned, *the value of the one half of all the grain, butter and net proceeds of the sheep and hogs and cattle that may be produced from said premises* as aforesaid."

The defendant claimed title to the corn by virtue of a sale from Houghtaling to him. The plaintiff demanded the corn of the defendant, and considerable evidence was introduced upon the trial, on both sides. Several questions were also raised, which are not material to be stated. The judge, among other things, charged the jury that Houghtaling and Tanner were not tenants in common of the grain raised on the farm, to which charge the defendant excepted. The jury rendered a verdict in favor of the plaintiff. A motion for a new trial was made, on the minutes, which was denied. Judgment was entered and the defendant appealed from the judgment and the order denying a new trial.

*R. E. Andrews*, for the appellant.

*J. Gaul, Jun.* for the respondent.

*By the Court*, MILLER, J. I am inclined to think that Tanner and Houghtaling were tenants in common of the crops of corn in question, within the principle of the case of *Putnam* v. *Wise*, (1 *Hill*, 234.) By the terms of the contract Houghtaling was to work the farm on shares, for the term of one year, and Tanner, in consideration of the premises, was to pay him the value of one half of the grain and net proceeds which might be produced upon the farm. The case cited was similar in many respects to the one at bar, and the only distinguishable features which I can discover are that these grantees agreed to yield and pay and give one

half to the owners; whereas here, the owner agrees to pay to the occupant "the value of one half," which I think makes no difference. The doctrine is laid down, that in respect to the letting of a single crop on shares, when the shares of the owners in the farm product are uncertain in amount, this make the parties tenants in common, at least in the productions thus to be grown and shared between them. Such is the case here. The compensation lies entirely in the shares from the farm. The occupier is to be paid from these, for his labor, and the owner for the use of the land. This is the substance of the agreement which is to be looked at, and which is controlling. Cowen, J. says, in the case cited: "The true test seems to lie in the question whether there be any provision, in whatever form, for dividing the specific products of the premises. If there be, a tenancy in common arises, at least in such products as are to be divided." (*See also Dinehart* v. *Wilson,* 15 *Barb.* 595.)

Certainly there was an express provision in the contract, for a division of the products of the farm; the value of one half of which was to be paid to Houghtaling. The circumstance that the contract provided that Tanner was to pay the value, instead of dividing the crops, does not alter the case. The principle is the same, whether Houghtaling furnished or delivered one half of the products, or Tanner took them and sold them and paid one half of their value. The point is, that there was to be a division, and that the occupier or cultivator was not to pay a certain number of bushels of grain or a certain number of tons of hay, as a rent of the premises, so as to make him a tenant. (15 *Barb.* 597.) This provision as to a division was but a mode of ascertaining the value and dividing the proceeds. It was for exactly one half, without limiting it to any specific quantity or weight.

If the views I have expressed are correct, then the county judge erred in charging the jury that Houghtaling and Tanner were not tenants in common of the grain raised on

the farm; and as this was a material and important question in the case, a new trial must be granted on that account.

The conclusion at which I have arrived upon this point renders it unnecessary to examine the other questions presented.

Judgment reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, March 6, 1865. *Peckham, Miller* and *Ingalls,* Justices.]