[Civil No. 172.   Filed September 30, 1886.]

[S. C. 11 Pac. 863.]

MECARIO ROMERO, Plaintiff and Respondent, v. W. A. DALTON, Defendant and Appellant.

CROPPING AGREEMENT—LANDLORD AND TENANT—PARTNERSHIP.— Where the agreement is that one, having no interest in the land owned by the other, shall farm it in consideration of his receiving a portion of the products, it is an ordinary cropper's contract, and

creates neither the relation of landlord and tenant, nor that of partners between the parties.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Affirmed.

The facts are stated in the opinion.

C. C. Stephens, for Appellant.

The court below based its judgment on the ground that the contract between the parties was a "cropping contract" instead of a partnership agreement. An inspection of the contract will show that this is a radical error. These parties were tenants. A cropping contract is always made between landlord and tenant and never between tenants.

The justice's court having no equity jurisdiction (e. g., partnership matters of dispute), and the District Court having, here, only the appellate law jurisdiction of the justice's court, defendant's motion for a nonsuit should have been granted.

Independent of the foregoing considerations, defendant's motion for a new trial ought to have been granted; within the spirit of the law he has not had his day in court.

R. D. Ferguson, for Respondent.

The agreement was simply a joint contract without involving the least of the essential elements of a partnership. "Where there is no community of interest in capital, stock, profit, or loss there is no partnership." *Smith* v. *Monihan,* 44 Cal. 53; *Wheeler* v. *Farmer,* 38 Cal. 203; *Robinson* v. *Haas,* 40 Cal. 474; *Barber* v. *Cazalis,* 30 Cal. 92.

The relation of landlord and tenant did not exist in this case,—Taylor Landlord and Tenant, fourth Ed. Sec. 14; Hilliard on Real Property, Vol. 1, Chap. XV, Sec. 24; Washburn on Real Property, page 572, Sec. 1; *Walker* v. *Pitt,* 24 Pick 19; *Putnam* v. *Wise,* 1 Hill, 234, 37 Am. Dec. 309 n; *Chamberlain* v. *Shaw,* 18 Pick. 278, 29 Am. Dec. 586; *Caswell* v. *Districh,* 15 Wend. 379; Story on Partnership, Sec. 91; Collyer on Part., Sec. 86; Watson on Part., Sec. 66.

BARNES, J. In this action the plaintiff, Romero, sues Dalton for the value of a share of a crop of wheat. The evidence shows that on the eleventh of August, 1885, Romero and Dalton made a contract in writing as follows: Dalton was to plow and sow in wheat two certain fields. Romero was to fence the exterior of said fields that may be without fence, and was to attend to the crop at his own expense, paying for water and keeping irrigating canals open; was to cut and harvest the crop, and was to furnish two men during the plowing season. The harvest was to be divided into two parts. The contract was complied with by both parties down to about the third day of May, 1885. Dalton, who was the overseer of the irrigating canals, refused to let Romero have any water for the crop. They wrangled about it, when Dalton and Romero agreed that Romero should have no more to do with it, and Dalton agreed to take all charge of the crop, and, when harvested, he promised to pay Romero $10 per ton for one-half of the crop.

The defendant moved for a nonsuit on the ground that the evidence showed that Romero and Dalton were partners, and hence could not sue for money due, but must seek an accounting; and, as this was an appeal from a justice of the peace, insisted that this court had no jurisdiction of the cause. This question is now presented for our consideration.

The contract has not the elements of a partnership. It was not a combining of property, labor, or skill for common profit, each sharing the hazards of the venture. 1 Pars. Cont. 147. It wass imply an agreement on the part of Romero to do certain work, and to be paid for it out of the crop. It was an ordinary cropper's contract, who is defined to be "one who, having no interest in the land, works it in consideration of receiving a portion of the crop for his labor." A contract to raise a crop on shares does not create the relation of landlord and tenant, even between the owner of the land and the one who dos the work. 1 Hil. Real Prop. *c.* 15, § 24; 1 Washb. Real Prop. § 10, p. 365; *Allwood* v. *Ruckman*, 21 Ill. 200. The cultivator of the soil may sell and assign his interest in the crop, and his assignee becomes tenant in common with the owner of the soil, as was the cultivator thereof.

*Aiken* v. *Smith,* 21 Vt. 182. It makes no difference what the title of the owner of the owner of the soil may be, whether in fee or leasehold. They are not joint tenants, as in a partnership, but tenants in common. *Currey* v. *Davis,* 1 Houst. 598; *Tanner* v. *Hills,* 44 Barb. 428,—are on all fours with this case. See *Walker* v. *Fitts,* 24 Pick, 191.

The judgment is affirmed.