## CAROLINE J. DYKES v. T. M. O'CONNOR ET AL.

### No. 3319.

**Homestead—Lease.**—T. J. Dykes and his wife and their children resided upon the land in controversy as their homestead. The tract contained 130 acres. In 1880 Dykes bought the land, receiving a deed therefor. In 1882 he executed a lease for the land for five years. The wife did not join in the lease. In October, 1891, vendees of the lessors brought suit for the land against the widow of Dykes. She pleaded limitation of five and ten years. The testimony showed such possession. *Held*, that the husband could not destroy the homestead rights of his wife by executing the lease. As to the wife the lease gave no rights to the lessors. The plaintiff exhibiting no other title than the lease, was not entitled to recover against the widow.

APPEAL from Goliad. Tried below before Hon. H. CLAY PLEAS-ANTS.

The opinion states the case.

*S. Chenault* and *T. P. Holliday*, for appellant.—The husband can not alienate, lease, or encumber the homestead without the consent of the wife, and then only in the manner provided by law. Const., art. 16, sec. 15; Rev. Stats., art. 560; Coker v. Roberts, 71 Texas, 597; Wheatley v. Griffin, 60 Texas, 209; Jacobs v. Hawkins, 63 Texas, 1.

*Glass, Callender & Proctor*, for appellees.—1. A tenant can not begin to acquire any prescriptive right until he repudiates his tenancy and gives his landlord notice thereof. Flanagan v. Pearson, 61 Texas, 305; 4 Wait's Act. and Def., 260, 261.

2. Even if he had acquired title by limitation or otherwise, he can not set it up against his landlord until he has restored possession. Flanagan v. Pearson, 61 Texas, 305; Juneman v. Franklin, 67 Texas, 415; 4 Wait's Act. and Def., 261; Washb. Real Prop., 562, 563; 18 Am. Rep., 125.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by Thomas M. O'Connor and John Linney to recover the possession of a tract of land containing 130 acres. The original petition was filed on the ——. day of October, 1891.

In an amended petition the plaintiffs stated their title substantially as follows: That on the 3d day of July, 1882, defendant Caroline J. Dykes was the wife of T. J. Dykes; that on said date the said T. J. Dykes, as lessee, and J. and R. Driscoll, as lessors, executed a lease for the premises in controversy for the period of five years, whereby said T. J. Dykes acknowledged himself to be the tenant of said J. and R. Driscoll and promised to pay them annual rent as such, and that afterward plaintiffs acquired the title of the Driscolls.

The defendant pleaded not guilty and the statute of limitations of five and ten years; and further, that the said T. J. Dykes, who was then her husband, on the 22d day of December, 1880, purchased the land in controversy from one Hastings, and received a deed for it from him; that the defendant and her husband and their minor children lived upon said land as their homestead from about the date of said conveyance; that the said lease was executed without her consent, etc.

The case was tried without a jury. The plaintiffs proved title from the Driscolls, but did not attempt to deraign title beyond them. Plaintiffs read in evidence the aforesaid lease. The defendant proved the conveyance from Hastings, as alleged.

It was not pretended that the defendant executed the lease, and it was proved that the occupation of the land as a homestead was begun before the date of the lease.

The court rendered judgment for the plaintiffs. The defendant objected to the introduction of the lease, and assigns error on its admission.

If the lease is left out of consideration, the plaintiffs failed to show title to the land or any right thereto, either legal or equitable, superior to the right of the defendant. She proved all of the facts necessary to constitute it the homestead of the family at the date of the execution of the lease by her husband, as against the claim of the plaintiffs. It was not in the power of her husband by a lease or any other form of contract or conveyance to work a divestiture of her homestead right and interest without her consent, evidenced in the manner prescribed by our statutes. Rev. Stats., art. 560. The error is fairly and pertinently presented in the following assignment of error:

"The court erred in rendering judgment for plaintiffs, because the facts show that defendant owned and claimed the land involved as her home and place, and that it was her homestead against all persons not having a superior title, and the effect of said judgment is to deprive her (defendant) of her homestead right, based on the theory or assumption that defendant's husband could deprive her of her homestead right without her consent by executing said lease, defendant's consent not being shown. And said judgment was erroneous, because there was no evidence of any kind of sale by defendant or her husband, and be-

cause it was shown that defendant was in possession under claim of title at the time and before the execution of said lease."

The judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*

Delivered January 29, 1892.