## J. C. WEBB v. W. T. GARRETT.

### Decided October 29, 1902.

**Homestead—Tenant—Exemption of Ungathered Crops.**

A finding that defendant was a mere "cropper" without a leasehold interest in the property upon which to base a homestead right exempting his interest in an ungathered crop of cotton from the levy of attachment, was sustained where he occupied a tenant house on the homestead of his landlord, who furnished the land, teams, tools, and feed for teams, the crop on the land worked by defendant being equally divided between such owner and the defendant, who furnished the labor to make it.

Appeal from the County Court of McLennan County. Tried below before Hon. G. B. Gerald.

*J. B. Scarborough,* for appellant.

*Garrett & Garrett, Waller S. Baker,* and *Shapley P. Ross,* for appellee.

FISHER, CHIEF JUSTICE.—The appellee Garrett sued the appellant on notes and accounts amounting to $613.28, and at the same time sued

out a writ of attachment, and caused the same to be levied on a crop of cotton part of which was at the time of the levy ungathered in the field.

The defendant Webb answered by general and special exception, general denial, and plea of payment; and pleaded that the ungathered cotton, at the time that it was levied upon, was exempt and allowed to him as the head of a family, because the same when ungathered was on his homestead, which he alleged to be a rented premises where he lived. Judgment was in favor of the plaintiff foreclosing the attachment lien.

The only question involved in this appeal is whether the ungathered cotton was subject to seizure at the time that the attachment was levied. Appellant contends that it was not, for the reason that it was then situated upon his homestead. The appellee contends that the appellant was not a tenant, and had no leasehold interest in the property upon which to base a homestead right, and that he was a mere cropper. The facts bearing upon this question are as follows:

"It is further admitted that the judgment of the court as against defendant should stand, unless there was error in the verdict and judgment as to the claim made by defendant of exempt property, because of his homestead claim.

"The evidence discloses that W. N. Wortham owned and resided on, with his family, a tract of land consisting of about 430 acres in Bosque County, Texas; that he owned no other land than this tract. That about 200 acres of this tract was in cultivation, the remainder being in pasture. That situated on the farm there was a tenant house, and also the house in which Wortham lived. That no specific part of the large tract had been designated as homestead by W. N. Wortham, as required by statute. The widow, Mrs. Wortham, testified that 120 acres of cultivated land by Webb was on homestead of W. N. Wortham. That the defendant Webb is a married man, with wife and large family of children. That he lived upon the land cultivated by him during the year 1901, to wit, about 120 acres belonging to W. N. Wortham, under the following contract: Wortham furnished the land, the teams and tools, and the feed for the teams. Defendant Webb and his family furnished the labor to make and harvest a crop, the said crop to be divided equally between W. N. Wortham and J. C. Webb at harvest. Defendant Webb and his family occupying the tenant house on the land. The teams were kept and fed at Wortham's lot.

"It is further shown that defendant Webb owned no real estate and had no homestead of any kind, unless by reason of said contract. That he moved to the place in the latter part of the year 1900 under the above contract for the year 1901, and remained on the place until Christmas, 1901. The house in which Webb lived is in one corner of the farm."

From this evidence the jury and the trial court reached the conclu-

sion that the appellant was a cropper; and therefore did not have in the premises a possessory interest sufficient upon which to base the homestead right. The evidence in the record warrants this conclusion. Therefore we can not say that the verdict and judgment which is complained of is erroneous in this respect. The rules of law distinguishing between a renter and a cropper need not be repeated by us, as they are fully set out and stated in 18 American and English Encyclopedia of Law, 2d edition, pages 171 to 176, inclusive.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*