ELLIS v. BINGHAM, Constable, et al.

(Court of Civil Appeals of Texas. Texarkana. Oct. 17, 1912.)

1. CROPS (§ 1*)—NATURE OF PROPERTY—"PERSONAL PROPERTY."

Ungathered crops, when matured, are "personal property."

[Ed. Note.—For other cases, see Crops, Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 5346–5358; vol. 8, p. 7753.]

2. EXECUTION (§ 24*)—UNGATHERED CROPS.

A mature and ungathered crop is not exempt from execution by reason of the nature of the property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 59, 60; Dec. Dig. § 24.*]

3. HOMESTEAD (§ 83*)—HOMESTEAD PROPERTY—LEASEHOLD ESTATE.

A tenant may claim a homestead in premises occupied under a lease which gives him an estate in the premises.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 120; Dec. Dig. § 83.*]

4. FRAUDS, STATUTE OF (§ 44*)—LEASE—NECESSITY OF WRITING.

Strictly speaking, a lease is a term for years; and if it exists for a longer period than one year it must, under the statute, be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 66, 92; Dec. Dig. § 44.*]

5. HOMESTEAD (§ 118*)—LEASE—JOINDER BY WIFE—NECESSITIES.

A lease of the homestead for a term of years must be joined in by the wife of the lessor.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 192, 195, 203–209, 216, 217; Dec. Dig. § 118.*]

6. LANDLORD AND TENANT (§ 133*)—LEASEHOLD—REMEDIES.

The owner of a leasehold of land for a term of years has an interest in the land for his term and a remedy for its recovery, if deprived of its possession, and not merely a right of action for breach of contract, as has a cropper.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 465–469; Dec. Dig. § 133.*]

7. HOMESTEAD (§ 214*)—CROPS—EVIDENCE.

The evidence in a suit to restrain a constable from seizing a cotton crop under an execution to satisfy a debt of plaintiff *held* to show that plaintiff was a mere cropper, and had no "estate" in the land under his contract, and hence could have no homestead in the land, so that ripe but ungathered crops thereon were not exempt from execution.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 397–399; Dec. Dig. § 214.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Injunction suit by G. S. Ellis against E. N. Bingham, constable, and others. From a judgment dissolving a temporary injunction, plaintiff appeals. Affirmed.

Connor & James, of Sulphur Springs, for appellant. D. Thornton, of Sulphur Springs, for appellees.

HODGES, J. This is an application by the appellant for an injunction to restrain the appellee, as constable, from seizing and selling, by virtue of an execution, a crop of cotton, which at the time was ungathered and claimed by the appellant. The validity of the execution is not attacked; but the levy and sale are objected to upon the ground that the property seized was cotton growing and ungathered upon premises claimed by the appellant as his homestead. On October 26, 1911, the application was presented to the district judge in chambers, and a temporary restraining order was granted, commanding the appellant to desist and refrain from selling or otherwise disposing of the cotton seized by virtue of the execution until further order of the court to be made at the next regular term thereof. At the next regular term the case seems to have been called and tried on its merits, if we may judge from the evidence contained in the record, and a judgment entered dissolving the temporary restraining order, and commanding the officer to proceed under his writ. We have had some difficulty in determining whether this decree should be construed as merely disposing of the temporary restraining order theretofore issued, or as a final judgment on the application for a writ of injunction. But we have resolved that doubt in favor of the finality of the judgment, and will proceed to dispose of the case upon its merits.

The first question presented by the assignments of error is: Was the court warranted by the evidence in concluding that the appellant had no homestead rights in the premises? The facts show that the appellant owned no land, but had made a contract with W. A. Smith, the owner of a large farm in Hopkins county, by which appellant was to cultivate 51 acres of land during the year 1911. Smith was to furnish the land, the team, and the implements, to feed the team and keep the implements in repair. Appellant was to furnish the labor. And crops raised on the premises were to be equally divided between Smith and appellant. Appellant testified: "The contract I had with Mr. Smith was that he measured me off certain lands, like he did the other hands, and furnished me the team and tools, and furnished me with feed for the team, and directed me what to plant on the land. He had an overseer there that showed me how to work the land, and I worked that land under a boss. Mr. Ben Alexander is Mr. Smith's overseer. I plowed and hoed and planted that stuff just like he said, and gathered it like he said; but I didn't haul it to the gin as he said, because he did not have any objection. He didn't think I was going to run off with it. He furnished me team to haul the cotton to the gin with, and controlled me all the way through in working and gathering and disposing of the crop." Smith testified that he had rented to Ellis the 51 acres of land for the year; that there was a house on it which

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

was occupied by Ellis with his family. He said: "I let G. S. Ellis have the house for the purpose of using while he worked the land; that was the reason I let him have it. If he had not worked the land, he would not have been entitled to the house. His right to occupy the house was the same as the woodcutters; and if they would not cut wood I would not permit them to stay in the house." Upon these and other facts the court found that Ellis was a mere cropper, and had no such leasehold interest in the premises as would constitute a homestead right.

[1-3] It has been held in this state that ungathered crops, when mature are personal property. Silberberg v. Trilling, 82 Tex. 523, 17 S. W. 591. A crop of mature and ungathered cotton is not, by reason of its status, exempt from execution or other forcible seizure for debt. If the crop levied on in this instance was exempt from execution, it is because it was on the homestead of the appellant and still attached to the soil. It has been repeatedly held in this state that the ownership of the fee is not essential to the creation of the homestead right; that a tenant may claim a homestead in premises occupied under a lease contract. Wheatley v. Griffin, 60 Tex. 209; Moore v. Graham, 29 Tex. Civ. App. 235, 69 S. W. 200. On the other hand, it has been held that one occupying the situation of a share cropper has no such leasehold interest as may constitute a homestead. Webb v. Garrett, 30 Tex. Civ. App. 240, 70 S. W. 992; Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881; Romero v. Dalton, 2 Ariz. 210, 11 Pac. 863; 18 Eng. & Am. Ency. (2d Ed.) 171–176; 24 Cyc. 1464.

[4-6] In order for a leasehold interest in realty to form the basis of a homestead right, it must amount to an estate in the premises. Strictly speaking, a lease is a term for years; and where it extends for a longer period than one year it must, under the provisions of our statute, be in writing. Dority v. Dority, 96 Tex. 217, 71 S. W. 950, 60 L. R. A. 941; Dykes v. O'Connor, 83 Tex. 160, 18 S. W. 490; Haile v. Haile, 93 S. W. 435, and cases cited; 1 Wash. on Real Prop. 384, 385; Jones on L. & T. § 151. It is an interest which in its making requires the concurrence of the wife, where the homestead or her separate property is affected. Dority v. Dority, supra. The owner of a leasehold has an interest in the land for his term; and if deprived of its possession has a remedy for its recovery, and not merely a right of action for breach of contract. 1 Wash. on Real Prop. 384, 385.

The homestead in this state is the creature of the Constitution. Section 51 of article 16 limits the number of acres which may be claimed as the rural homestead, and defines what shall constitute an urban homestead. Section 50 of the same article exempts the homestead, whether in the country or in town, from forced sale for the payment of all debts, except those specifically mentioned, and prohibits the giving of mortgages thereon, except for the purchase money and improvements. The purpose of these immunities and safeguards is to protect the owner in the right to something which might be sold and transferred to another; in other words, to ward off the creditor and save to the family an article of property which the creditor otherwise might seize and take from it. This view necessarily contemplates that the object or interest to which the exemption or immunity attaches must amount to the dignity and importance of an estate that is assignable under the rules of the common law. If it were otherwise, there would be no necessity for these legal safeguards. It would be nonsense to exempt from forced sale something which in its nature could not be forcibly sold or taken from the owner. It would be equally as unnecessary to make invalid a mortgage on something which the creditor could not subject to his demand by a foreclosure proceeding.

[7] The question then is: Does it conclusively appear from the evidence that appellant had such an estate or interest in the premises he was to cultivate as, under the common-law rule, might have been sold under execution, or which might have been mortgaged by him for his debts? If he did not have such an interest or estate, there is no basis for his homestead claim. The facts seem to support the conclusions reached by the court that the appellant was a mere cropper, as it is termed, and had no *estate* in the land. In other words, his interest is not what is termed in law a leasehold interest. His contract with Smith may easily be construed as merely a personal engagement to furnish the labor of himself and family for the purpose of making a crop on the lands described in the pleadings, and not one investing him with a leasehold interest in the premises, which, in the absence of the statute, he might have assigned to some other party without the consent of the landowner. Even in the absence of the statute, appellant would have no right, under the facts in the record, to withdraw from the contract with Smith and substitute another tenant without Smith's consent. According to the testimony of Smith, it was understood that if appellant failed to work the land he was not to continue in possession of the house. The right of possession of the premises, therefore, must have been merely an incident to and dependent upon the performance of the services which appellant had contracted to render in making the crop upon the premises.

The judgment of the trial court is affirmed.