## SIMMS OIL CO. v. RUTLEDGE et ux.

### No. 3867.

Court of Civil Appeals of Texas. Amarillo.

Sept. 28, 1932.

Rehearing Denied Nov. 2, 1932.

Thompson, Knight, Baker & Harris and Sol Goodel, all of Dallas, and O. C. Broughton, of Childress, for appellant.

Williams & Bell, of Childress, for appellees.

JACKSON, J.

The plaintiff, Simms Oil Company, a corporation, instituted this suit in the district court of Childress county, Tex., against the defendant, T. E. Rutledge, to recover posses-sion of a tract of land 50x40 feet, a part of lots Nos. 23 and 24 in block No. 6 of the town of Childress, and to cancel a contract by the terms of which the plaintiff had subleased said tract to the defendant for the purposes of operating a filling station and selling and distributing Simms Oil Company gasoline, greases, and oils, for a term of six. years and one month from March 14, 1929.

The plaintiff alleges the terms of the contract and its provision authorizing it to terminate the lease and the breach of said provision by the defendant.

. The defendant answered that the premises involved were a part of lots 23 and 24 of the town of Childress, which were and are the business homestead of himself and wife, Verdia Rutledge; that on December 13, 1924, and at all times since, there was located on said lots a building approximately 75 by 115 feet, which was used, occupied, and enjoyed by the defendant and his wife as their business homestead, and on said date, by written contract, he temporarily leased said 50x40 feet of land for the purpose of operating a filling station to M. G. Brock, for a period of ten years; that the said Brock defaulted, and on the 12th day of March, 1929, the defendant assigned to the plaintiff the remaining period of the Brock lease; that the plaintiff reassigned or sublet the property to the defendant with the privilege of subletting; that contemporaneously with and as a part of said transaction. the defendant agreed to sell from the premises and said filling station only the plaintiff's gasoline, oils, and greases, and the plaintiff orally. agreed that it would furnish to the defendant and his assigns its products at wholesale prices; that the lease to Brock and the assignment thereof to plaintiff were an attempt to convey an interest in land and were made without the consent of his wife and without her signature or acknowledgment thereto, and were therefore void and unenforceable.

The defendant also pleaded that the plaintiff had breached its agreement, failed and refused to furnish him or his assigns gasoline, oil, and greases at wholesale prices, and by such breach rendered it impossible for him and those to whom he subleased to operate and conduct the filling station on said premises; that such breach was made with the fraudulent purpose of forcing him and his sublessees to close the station so plaintiff could obtain possession thereof without remuneration to the defendant; and if defendant was in default, it was due to the breach of the contract by plaintiff.

Mrs. Verdia Rutledge intervened and alleged that on the 13th of December, 1924, and at all times since, she and her husband were the owners of the premises in question and

were actually using, occupying, enjoying, and claiming said premises as their business homestead, that the lease of M. G. Brock and the subsequent reassignment of the unexpired portion thereof to plaintiff were made by her husband without her consent or knowledge, and that she had not signed or executed either of said instruments and had not received or retained the benefits thereof, and that said lease contract and assignment were void. She also adopted the pleading of her husband and prayed that the contracts be declared null and void.

The plaintiff, by supplemental petition, urged a general demurrer and numerous exceptions to the pleadings of the defendant and of the intervener, specially denied that the property constituted any part of the business homestead of said parties or had been dedicated as such business homestead, asserted the validity of the contract, and pleaded that on the 11th of March, 1929, M. G. Brock transferred and assigned the unexpired term of his lease to the defendant in consideration of the defendant's assumption of and promise to pay plaintiff the sum of $3,714.36, which amount Brock was then indebted to the plaintiff; that on March 15, 1929, the defendant assigned the unexpired portion of the said Brock lease to plaintiff in consideration of the cancellation of the Brock indebtedness, and on the same day the plaintiff, as lessor, sublet the unexpired term of said lease to the defendant, and, if said lease for any reason is void, the consideration for the cancellation of plaintiff's debt failed, and it should have judgment therefor.

The plaintiff filed a trial amendment alleging that, if the premises were the business homestead of the defendant and intervener, the defendant had abandoned the premises prior to the execution of the Brock lease and the assignment to it; that defendant and intervener owned a residence homestead in the city of Childress, and it, together with the property claimed as a business homestead, exceeded the value of $5,000.

The case was tried before the court without the intervention of a jury, and judgment rendered that the plaintiff take nothing against the defendant or the intervener and that the purported transfer of the lease agreement from the defendant to plaintiff and from plaintiff to the defendant be canceled and that the defendant and intervener recover their costs, from which judgment the plaintiff prosecutes an appeal.

By numerous assignments, all of which may be considered together, the appellant assails as error the action of the trial court in holding that the assignment of the unexpired term of the Brock lease to the plaintiff was void, because the defendant had abandoned the filling station as a homestead by dedicating it to lease purposes and the joinder of his wife in such lease or assignment was unnecessary.

The court in his judgment includes his findings of fact, which are, in substance: That in the year 1921 T. E. Rutledge was a married man and Verdia Rutledge was his wife; that during that year the defendant purchased lots 22, 23, and 24 in block 6 in the town of Childress and established thereon his place of business, consisting of an auto garage, a welding shop, and a gasoline filling station; that he continuously used said property as his business homestead, operating thereon the filling station, auto garage, and welding shop; that on December 13, 1924, T. E. Rutledge executed a written lease to M. G. Brock, covering the land in controversy, the west end of lots 23 and 24, for a period of ten years, beginning on the 14th day of April, 1925; that, at the time the lease was executed, T. E. Rutledge was to build a one-story brick building on the three lots, and the filling station leased to Brock was to occupy the 50x40 feet of said building; that the building, which was 75x115 feet in size, was erected on said lots in 1925, and T. E. Rutledge continued to occupy a part thereof for the purpose of a garage and welding shop; that he leased a portion of said building on the east end of the lots to a Coca-Cola bottling works; that, at all times from 1921 until the date of the lease to M. G. Brock, the property covered by said lease was used by the defendant Rutledge as his business homestead; that after the completion of the building M. G. Brock went into possession of said 50x40 feet and operated on said premises a filling station until the 11th of March, 1929, on which date he assigned said lease to T. E. Rutledge, who was the owner of the premises, and who took possession of the 50x40 feet of land and the improvements thereon and continued to operate the same in his own name as a filling station; that in said assignment Brock sold, transferred, conveyed, and delivered to T. E. Rutledge the stock of merchandise, together with the furniture and fixtures in connection therewith and located in the filling station; that, in consideration for such sale and conveyance, transfer, and assignment, T. E. Rutledge assumed the payment of $3,714.36 due the Simms Oil Company by the said Brock; that on March 15, 1929, while T. E. Rutledge was in possession of and using the said 50x40 feet of land with the improvements thereon, he assigned to the Simms Oil Company the unexpired term covered by the lease contract between himself and the said Brock, in consideration of which the Simms Oil Company agreed to cancel the indebtedness due it by the said Brock and assumed by T. E. Rutledge; that the Simms Oil Company appointed T. E. Rutledge as sales agent for its products and contracted to sell them

to him at wholesale prices, the prices charged by the oil company to its other customers in Childress, and subleased the unexpired term of the Brock lease to T. E. Rutledge for the purpose of selling and distributing Simms gasoline, greases, and oils for a consideration of $1 per year and the additional consideration of the agreement of Rutledge to sell and distribute Simms gasoline, greases, and oils, and none other, on said premises; that said sublease provided that, if Rutledge should default in his agreement, the Simms Oil Company had the right to declare the contract forfeited; that at all times from the assignment from Brock to Rutledge, up to and including the time of the sublease by Simms Oil Company to Rutledge, the premises involved were in the actual possession of Rutledge, who was using and enjoying the same as his business homestead; that Verdia Rutledge had no knowledge of the execution of the lease contract between T. E. Rutledge and Brock and no knowledge of the transfer of said lease to the Simms Oil Company, and all of said transactions were without her consent or agreement, and none of the contracts were signed or acknowledged by her; that, in compliance with its agreement, the Simms Oil Company for some time, and during the year 1929, did furnish T. E. Rutledge and his sublessees oil, gas, and other products in accordance with the agreement, but thereafter refused to sell to Rutledge or his sublessees its products at the same price it sold and delivered to its other dealers; that, in addition to the $1 consideration recited in the sublease, the Simms Oil Company charged Rutledge 1 cent per gallon more for gasoline than it charged its other customers in Childress; that this charge was claimed as additional rental for the premises, and that such charge was in violation of its agreement; that T. E. Rutledge had complied with his contract until after the Simms Oil Company began charging the extra 1 cent per gallon as rental, but he thereafter refused to receive the products of the Simms Oil Company at the price and on the terms it demanded; that on March 3, 1931, the authorized agent of the Simms Oil Company furnished T. E. Rutledge an authorized dealer's agreement on blanks furnished by the Simms Oil Company containing a stipulation which complied with the original agreement as to the price; the agreement was accepted by Rutledge, but the oil company declined to accept such contract, and submitted to him another, which would have materially changed the agreement, and he refused to sign it; that, on account of the additional charge made for its products to T. E. Rutledge and his assigns, the Simms Oil Company breached its contract, and neither Rutledge nor his assigns could operate said filling station in accordance with the agreement, because they could not meet the competition of the other filling stations in Childress purchasing products from the Simms Oil Company.

In response to interrogatories propounded by appellant, T. E. Rutledge testified that he never intended to abandon the property in controversy as a business homestead. The record is conclusive that T. E. Rutledge had used and occupied lots 23 and 24 as a business homestead since 1921, using and occupying said lots for operating a welding shop and automobile garage continuously; that in connection with and as a part of his business he operated a filling station on the property in controversy from 1921, except for such periods of time as the filling station had been leased to others; and that on each occasion when the tenant ceased to operate the filling station T. E. Rutledge immediately resumed the operation of the filling station in connection with and as a part of his other business. Lybrand v. Fuller, 30 Tex. Civ. App. 116, 69 S. W. 1005, writ refused.

Whether property claimed as a homestead is exempt from a deed of trust must be determined by the conditions existing at the time the trust deed is given. Bogart et ux. v. Cowboy State Bank & Trust Co. et al. (Tex. Civ. App.) 182 S. W. 678, 679, and authorities cited; Wilson et ux. v. Levy et al. (Tex. Civ. App.) 13 S.W.(2d) 971.

Whether a sale of property claimed as a homestead under execution, for debts other than those permitted by the Constitution, is valid, depends on the facts as to abandonment at the time of the levy of the execution. Young v. Garrett, 83 Tex. 497, 18 S. W. 819.

While the husband acting in good faith may abandon the homestead and after such abandonment convey it without the joinder of his wife, the validity of such conveyance depends on the facts existing as to abandonment at the time of such conveyance. Inge & Boring v. Cain, 65 Tex. 75; Hudgins v. Thompson, 109 Tex. 433, 211 S. W. 586.

The husband has no power by lease or other form of conveyance to divest the wife of her homestead right and interest without her consent evidenced as the law prescribes. Dykes v. O'Connor et al., 83 Tex. 160, 18 S. W. 490.

Whether the owner of a homestead which he is occupying intended to abandon it is a question of fact for the court or jury, and the burden is upon the opposing party to show such abandonment. Hibbs v. City Nat. Bank of Wichita Falls (Tex. Civ. App.) 293 S. W. 350; Thomas et al. v. Tyler et al. (Tex. Com. App.) 6 S.W.(2d) 350; Newton v. Calhoun et ux., 68 Tex. 451, 4 S. W. 645.

A valid lease of real estate for a period of longer than one year is a conveyance of

an estate or interest in land. Dority et al. v. Dority, 96 Tex. 215, 71 S. W. 950, 60 L. R. A. 941; Priddy v. Green et al. (Tex. Civ. App.) 220 S. W. 243; Canon v. Scott et al. (Tex. Civ. App.) 230 S. W. 1042.

The lease by the husband of an unabandoned homestead for a period of longer than one year is void, unless the wife joins in such lease in the manner provided by law. Haile et al. v. Haile (Tex. Civ. App.) 93 S. W. 435; Southern Oil Co. v. Colquitt et al., 28 Tex. Civ. App. 292, 69 S. W. 169; Gutierrez v. Cuellar et al. (Tex. Civ. App.) 236 S. W. 497; Haynie et al. v. Stovall et al. (Tex. Civ. App.) 212 S. W. 792, 793.

The wife cannot be deprived of her homestead rights by the acceptance by her husband of a lease from a party who has no title to the land. Dykes v. O'Connor, supra; Dotson v. Barnett et ux., 16 Tex. Civ. App. 258, 41 S. W. 99; Lumpkin v. Woods et al. (Tex. Civ. App.) 135 S. W. 1139.

The purported lease from T. E. Rutledge to Brock and the attempted assignment of the remainder of the term covered by such lease without the joinder of the wife were void; the court having found on sufficient testimony that at the time of each of said transactions the premises in controversy were claimed, used, and occupied by the defendant and intervener as their business homestead and that there had been no abandonment thereof by the defendant.

The appellant presents as error the action of the trial court in failing to render judgment in its favor against T. E. Rutledge for the sum of $3,714.36, which amount he had assumed and promised to pay, because if, as held by the court, it acquired no leasehold estate in the property, the consideration therefor failed.

The record discloses that M. G. Brock sold to T. E. Rutledge a stock of merchandise, automobile equipment, and supplies, furniture, and fixtures located in the filling station, and attempted to reassign to him the unexpired term of the lease; that, as a consideration for this transaction, T. E. Rutledge assumed the payment of $3,714.36 due the Simms Oil Company by the said Brock; that, in consideration of the cancellation of said indebtedness by the company, T. E. Rutledge attempted to assign the unexpired term of said lease to said company, and, in consideration of certain agreements and his promise to pay $1 per year annually in advance, the company attempted to sublease the property to T. E. Rutledge for the unexpired term of the Brock lease.

The court finds that the assumption by T. E. Rutledge of the payment of said $3,714.36 and the contract between him and the oil company for the cancellation of said indebtedness, was valid; that the failure of the oil company to furnish Rutledge and his sublessees its products according to the prices agreed upon was a breach of the contract which effectually prevented Rutledge from selling the products of the oil company and relieved him from the payment of the $3,714.36. The court finds that for some time after the execution of the sublease and the contract for the handling of the company's products both Rutledge and the company complied with the terms of the contract, but, after the breach by the oil company, Rutledge refused to handle its products.

The record indicates that Rutledge sustained damages other than nominal by the breach of the contract by the oil company, but the amount thereof is not shown. It appears from the testimony that both parties acted in good faith in making the assignment to the oil company, its sublease to Rutledge, and the contract for the handling of the products of the oil company. There is no provision in the sublease or the contract for the sale of the products stipulating that either party is entitled to damages for the breach of either.

The law prohibiting a party in default from rescinding a contract and recovering the money paid thereon relates to contracts that are valid.

The law seems to be settled that, if the husband, acting in good faith, attempts to sell or convey the homestead, but is unable to make good title thereto because the property is the homestead, and the wife fails or refuses to join in the conveyance, the purchaser is entitled to recover the money that has been paid on the purchase price. Pearson et al. v. Cox et al., 71 Tex. 246, 9 S. W. 124, 10 Am. St. Rep. 740; Eberling v. Deutscher Verein, 72 Tex. 339, 12 S. W. 205; McFalls et al. v. Brown et al. (Tex. Civ. App.) 37 S. W. 784; Roberts & Corley et al. v. McFadden, Weiss & Kyle, 32 Tex. Civ. App. 47, 74 S. W. 105; Yzaguirre et al. v. Garcia (Tex. Civ. App.) 172 S. W. 139; Saulsbury v. Anderson et al. (Tex. Civ. App.) 39 S.W.(2d) 142, and authorities cited.

The appellant's assignments attacking the sufficiency of the testimony to support the findings of the trial court and urging as error the action of the court in overruling its general demurrer and so-called special exceptions, and presenting as error the action of the trial court in admitting certain testimony, are all overruled.

In our opinion, the testimony warrants the finding of the court, and the objections urged to the pleading, if meritorious, were cured by the facts alleged in the appellant's pleading, and the testimony complained of was in the main a repetition of the testimony brought out by appellant, to which no objection was urged.

Under the record we do not feel author-

ized to reverse and render the judgment for the amount of the debt due appellant by Brock and assumed by T. E. Rutledge, because the record indicates that there are certain equities that should be adjusted.

The judgment of the trial court is reversed, and the cause remanded.