# Simms Oil Company v. T. E. Rutledge et al.

No. 6418.   Decided October 2, 1935.
(86 S. W., 2d Series, 209.)

38

*Thompson, Knight, Baker & Harris,* and *Sol Goodell,* all of Dallas, and *C. C. Broughton,* of Childress, for plaintiff in error.

If the purported assignment to plaintiff of the unexpired term of the Brock lease was void, plaintiff was entitled to recover the amount defendant owed plaintiff prior to the execution of such assignment, which indebtedness plaintiff agreed to extinguish in consideration of the transfer to it of the unexpired term of such lease. Carraway v. Fowler, 267 S. E., 672; Session v. Sanders, 200 S. W., 180.

*Williams & Bell,* of Childress, for defendants in error.

The property and premises in question constituting a part of the business homestead of T. E. Rutledge and wife, the lease thereof executed by T. E. Rutledge alone, without being signed by the wife, and made without her knowledge or consent, was void. Haile v. Haile, 93 S. W., 435; Ellis v. Bigham, 150 S. W., 602; Gutierrez v. Cuellar, 236 S. W., 497; Wilson v. Levy, 13 S. W. (2d) 971.

The Simms Oil Company, having wrongfully failed and refused to perform its part of the contract and agreement, and by its wrongful acts having prevented appellee T. E. Rutledge from performing the covenants incumbent upon him under the terms of said contract, Simms Oil Company cannot in law recover any part of the consideration paid by it under said contract. Estes v. Browning, 11 Texas, 237; Magruder v.

Poulton, 257 S. W., 533 (Com. App.); Champion v. Taylor, 229 S. W., 627.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

All controverted questions in this case except one have been eliminated. The statement will therefore be very concise.

On December 15, 1924, defendant in error, T. E. Rutledge, who will be referred to as defendant, executed a lease to M. G. Brock covering certain property in the town of Childress. This lease was to continue for ten years from April 14, 1925. Upon this property a building was erected and for sometime Brock conducted in said building and on said property a filling station business. In conducting said business Brock became indebted to plaintiff in error, Simms Oil Company, which will herein be referred to as plaintiff, in the sum of $3,714.36.

On March 11, 1929, M. G. Brock sold to defendant Rutledge his stock of merchandise, automobile equipment and supplies, and all fixtures and furniture located in the building in question. As a consideration for this sale defendant assumed the payment of the said sum of $3,714.36 due by Brock to plaintiff Simms Oil Company. In the same instrument Brock assigned and transferred to defendant the lease of December 15, 1924, for the unexpired term thereof.

On March 15, 1929, defendant executed an assignment to plaintiff. This instrument recites the assumption on the part of defendant of the indebtedness due by Brock to plaintiff, defendant's promise to pay same, and the assignment of the lease of December 15, 1924, by Brock to defendant in consideration of the assumption of said indebtedness. It then recites that in consideration of the concellation of the indebtedness assumed by defendant he transfers and assigns to plaintiff the lease of December 15, 1924, for the unexpired term of same, together with all rights and privileges thereunder. In this instrument provision is made for subletting, and it is further declared that plaintiff will sublet to defendant for a consideration of $1.00 per year.

On the same date plaintiff subleased the property covered by the lease of December 15, 1924, to defendant for the unexpired term of said lease. The pertinent portions of this contract are these:

"For and in consideration of the sum of One Dollar ($1.00) to it in hand paid by T. E. Rutledge, receipt of which is hereby acknowledged, and in consideration of the covenants and

conditions hereinafter set forth to be performed by the said T. E. Rutledge, Simms Oil Company, a corporation, lessor, has leased, demised and let, and does by these presents lease, demise and let unto the said T. E. Rutledge for a period of six (6) years and one (1) month, to commence on the 14th day of March, 1929, and ending on the 14th day of April, 1935, the hereinabove described property for the purpose of operating and maintaining a gasoline and oil filling station and garage and not otherwise, said premises are leased by lessor to lessee for the purpose of selling and distributing Simms gasoline, greases and oils."

Among the material covenants of the lessee were the following:

(a) To pay lessor $1.00 per year.

(b) To maintain and operate an oil and gasoline filling station on the leased premises.

(c) To sell and distribute Simms gasoline, greases and oils on said premises exclusively.

Ample provisions were made with reference to forfeiture and resumption of possession by plaintiff in the event of default by defendant in performance of the covenants on his part. The agreement was later amended so as to allow the lessee to assign his interest.

It is now agreed that on December 15, 1924, and on each of the dates above mentioned defendant was a married man, that the property covered by said lease was a part of the homestead of himself and his wife, and that his wife did not join in the execution of any of the instruments mentioned.

This suit was instituted by plaintiff to recover the possession of the leased premises, for rentals and for damages. Plaintiff made appropriate allegations of breach of various covenants contained in the instrument of March 15, 1929, and alleged that by reason thereof plaintiff had elected to declare the lease forfeited. It was further alleged that defendant had not bought gasoline, oils and greases from plaintiff, but had retained possession of the premises without performing the condition of the lease, and therefore plaintiff was entitled to rentals for a certain period of time. Plaintiff prayed for possession of the premises and cancellation of the lease contract of March 15, 1929.

Defendant in answer to the petition alleged that the various instruments, including the original lease of December 15, 1924, were void because of the homestead character of the property and the failure of his wife to join in the execution of same.

Defendant's wife was permitted to intervene and she set up the invalidity of the instruments by reason of homestead. Defendant further alleged that he had not breached the contract on his part. He set up certain matters in justification of his action, the material allegation being as follows:

"That contemporaneous with and as a part of the same contract it was agreed orally by and between the plaintiff and defendant that the plaintiff would furnish to the defendant and his assignees its gasoline, oils and greases at wholesale prices and at such prices as charged by plaintiff to its other customers."

"Defendant further shows to the Court that the plaintiff herein breached its said contract and has failed and refused to comply with the stipulations and provisions of said contracts and agreements in that it has refused to furnish to the defendant and his assignees its gasoline, greases and oils at wholesale prices such as it charged its other customers, and has refused to furnish the defendant and his assignees oil, greases and gasoline except at retail prices and what is commonly known as tank wagon prices, and which conduct has rendered it impossible for the defendant and his assignees to conduct said filling station on said property except at a great loss. That such conduct on the part of the plaintiff, its agents and representatives has been done with the fraudulent intent and purpose to force the defendant to close the filling station on said property in order that the plaintiff might get possession of the same and dispose of its goods, wares and merchandise therefrom without remunerating this defendant in any manner for the use of his property."

"Defendant further alleges and would show unto the Court that if in fact he has defaulted in his contract with plaintiff which is not admitted, but denied, that such default was by reason of the acts and conduct on the part of plaintiff as above alleged and set forth, and which acts and conduct rendered it impossible for defendant to perform the covenants of said contract incumbent upon him; and the defendant now alleges that the acts and conduct on the part of plaintiff herein complained of, and which made it impossible for defendant to perform the contract, were wilfully done and brought about by plaintiff with the view and intention that defendant would be prevented from performing his part of the contract, and by reason whereof plaintiff is now in law estopped to bring or maintain its action for cancellation of said contract.

"Wherefore, the defendant prays judgment that the plaintiff

take nothing by its said suit; that the contracts above mentioned be cancelled as of no further force or effect; that he recover his costs in this behalf expended and go hence without day, and for such other and further relief, general and special, he may show himself entitled."

Plaintiff urged numerous exceptions to this pleading, and by supplemental petition prayed that in the event the lease contract of December 15, 1924, and the various assignments of same were held void, and it was not entitled to the possession of the leased premises, then it have judgment against defendant for the sum of $3,714.36 assumed by him when he purchased the stock of merchandise from Brock, and which indebtedness had been surrendered as a consideration for the transfer and assignment of the lease by defendant to plaintiff on March 15, 1929.

The trial court held that the lease of December 15, 1924, and the assignments of same were void. It held, however, that the contract of assumption on the part of defendant to pay the indebtedness due by Brock to plaintiff was valid. However, a recovery of this sum was not allowed. On appeal the Court of Civil Appeals held that although the lease and the assignments thereof were void, nevertheless defendant was liable to plaintiff upon his contract of assumption, and as the surrender of the indebtedness was the only consideration for the assignment of the lease by defendant to plaintiff, upon cancellation of the lease and assignments, plaintiff was entitled to recover the sum surrendered by it. The court, however, held that as there had been a breach of the oral agreement on the part of plaintiff to furnish gasoline, oils and greases to defendant at wholesale prices, there were "certain equities that should be adjusted," and instead of rendering judgment for plaintiff reversed and remanded the cause. 53 S. W. (2d) 673.

■ The lease of December 14, 1924, having expired prior to the time this cause was submitted in this court, plaintiff having acquiesced in the holding of the trial court and of the Court of Civil Appeals to the effect that the lease and the assignments thereof were void, the only question now in the case is the right of plaintiff to recover the surrendered indebtedness. The Court of Civil Appeals correctly held that if the husband, acting in good faith, attempts to sell or lease the homestead or a part thereof, and the contract fails because of the nonjoinder of the wife, the purchaser or lessee is entitled to recover the money that has been paid by him in reliance upon

the contract. Counsel for defendant recognize this holding as correct, but contend that, although the trial court held the lease and the assignments void, plaintiff is not entitled to recover the money paid by it for the assignment. The contention of defendant may be more fully stated as follows:

The trial court found that at the time of the assignment of the lease by defendant to plaintiff, and the subletting of the premises by plaintiff to defendant, there was an additional oral contract to the effect that plaintiff would furnish to defendant its gasoline, oils and greases at wholesale prices; that plaintiff breached this contract, and as a consequence of the breach defendant was unable to carry on the filling station business; that plaintiff was consequently responsible for the failure of defendant to perform the contract of March 15, 1929, and therefore defendant was not liable to pay plaintiff the assumed indebtedness.

We do not find it necessary to determine whether or not parol proof was admissible to establish the oral contract alleged by defendant, nor do we find it necessary to go into the question of whether or not said oral contract was breached by plaintiff. It seems to us that even if it be admitted that there was such an agreement, and even if it was breached by plaintiff charging larger prices for its products than the agreement contemplated, this does not, under the pleadings, affect the question of defendant's liability to pay his indebtedness. It had admittedly never been paid except by assignment of the lease, which he and his wife has caused to be cancelled. While it is true that the cancellation of the indebtedness and the transfer of the lease were contemporaneous with the contract of subleasing and the oral contract with reference to prices, yet it is obvious that these matters were largely independent transactions. But whether entirely independent or not, it seems to us obvious that if everything claimed by defendant be admitted, the only advantage which could have resulted to him would have been to claim an offset against the amount due by him by reason of damages resulting from breach of the oral agreement on the part of plaintiff. We can see no reasonable basis for a claim on his part that a breach of the contract by plaintiff to sell him gasoline, oils and greases at wholesale prices could result in automatically extinguishing the indebtedness, after he and his wife had chosen to cancel the lease by interposing the plea of homestead. Clearly he should have affirmed the validity of the lease and the assignment to plain-

tiff and the satisfaction of the indebtedness, and sought to enforce performance of same by plaintiff; or else, when electing to claim the lease and assignments void, he should have conceded his liability to pay the indebtedness and have sought to offset by recovery of damages for breach of the contract concerning the purchase and sale of gasoline, oils and greases.

As we construe defendant's pleading he did not seek such relief. His answer clearly shows that by his allegations concerning the oral contract and its breach he was attempting to justify his failure to perform his covenants in the lease of March 15, 1929, and to prevent plaintiff from declaring a forfeiture and regaining possession of the premises. It will be observed that after alleging the acts of plaintiff, which he claimed were wilfully done in order to prevent his performance of the contract, he alleged "by reason whereof plaintiff is now in law estopped to bring or maintain his action for cancellation of said contract." The answer contained no allegations with reference to damages, nor does it supply any allegations which could form the basis of any measure of damages. It is apparent that defendant had no intention of seeking damages by way of offset, because when he filed his answer plaintiff had not then sought to recover the $3,714.36 in the event the lease and assignment were held void on account of the homestead contention. This plea on the part of plaintiff was made in a supplemental petition filed in response to defendant's answer and the plea of intervention on the part of Mrs. Rutledge. Defendant did not then file a cross action, but replied by general demurrer and general denial, and by claiming that the assumption of the indebtedness on his part was without consideration because the various contracts were void.

We are of the opinion that if defendant had been in position to claim and prove any damages by breach of the alleged oral contract on the part of plaintiff he should and would have done so in this action in response to the plaintiff's first supplemental petition. We therefore conclude that the Court of Civil Appeals erred in not rendering judgment for plaintiff upon its alternative plea.

The judgments of the trial court and of the Court of Civil Appeals in so far as they declare a cancellation of the lease contract of December 15, 1924, and the various assignments thereof, and denial to plaintiff of recovery of the possession of the leased premises and judgment for rental and damages, are affirmed; but the judgment of the trial court and of the Court of Civil Appeals denying plaintiff a recovery on its alternative

plea are set aside and judgment is here rendered in favor of plaintiff in error Simms Oil Company against defendant in error T. E. Rutledge for the sum of $3,714.36, with interest thereon at the rate of six per cent per annum from the 15th day of March, 1929.

Opinion adopted by Supreme Court October 2, 1935.